UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND BALL,

                        Plaintiff,

-against-

HOPE EAST OF FIFTH HDFC INC.,

                        Defendant.

1:23-CV-11189 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Raymond Ball, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction, seeking damages and injunctive relief. He asserts that the federal constitutional or federal statutory bases for his claims are: "reasonable accommodations under the disabilities act." (ECF 1, at 2.) Plaintiff sues what appears to be his landlord, "Hope East of Fifth HDFC Inc.," which the Court understands to be Hope Community Inc. The Court construes Plaintiff's complaint as asserting claims of disability-based housing discrimination, with regard to the apartment building in which Plaintiff resides, under the Fair Housing Act ("FHA"), the Rehabilitation Act of 1973, as well as comparable claims under state and local law, including the New York State and New York City Human Rights Laws ("NYSHRL" and "NYCHRL").

By order dated January 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff asserts that the alleged events that are the bases for his claims occurred "inside residence." (ECF 1, at 5.) He also alleges the following: "They refuse to transfer me to an

apartment on lower level – failed to protect me from being assaulted while in the hall where security cam[e]ras are but don[']t work - refuse to do repairs." (*Id.*) Plaintiff alleges that his injuries include a broken nose, which required five stiches. (*Id.* at 6.) He seeks $10,000,000 in damages and "a lower level apartment." (*Id.*) Plaintiff claims to be "physically disable[d]." (*Id.*)

## DISCUSSION

By using the terms "reasonable accommodations" and "disabilities act" in his complaint (ECF 1, at 2), Plaintiff may be attempting to invoke the Americans with Disabilities Act of 1990 ("ADA"). The Supreme Court of the United States has observed that:

> [T]he ADA is designed to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities. It forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III.

*Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004) (internal quotation marks and citation omitted).

Because this action does not involve allegations of disability discrimination in the context of (1) employment; (2) public services, programs, or activities; or (3) public accommodations, but, rather, seems to involve only allegations of disability discrimination in the context of housing in a private apartment building, *see, e.g.*, *Burke v. Verizon Commc'ns, Inc.*, 661 F. Supp.3d 277, 297 (S.D.N.Y. 2023) (for the purposes of claims under Title III of the ADA, "the term 'public accommodation' 'does not include residential facilities or apartment buildings'") (citation omitted), *appeal pending*, No. 23-635 (2d Cir.), the Court does not construe Plaintiff's complaint as asserting claims under the ADA. Rather, for the reasons discussed below, the Court construes Plaintiff's complaint as asserting claims under the FHA and the Rehabilitation Act.

A. **Claims under the FHA**

The FHA "broadly prohibits discrimination in housing." *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Among other things, it prohibits the "refus[al] to sell or rent after the making of a bona fide offer, . . . [and the] refus[al] to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, . . . national origin," or disability.[1] 42 U.S.C. § 3604(a), (f)(1). It also prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, . . . national origin," or disability. § 3604(b), (f)(2).

Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts showing that he is "'a member of a protected class,' suffered relevant 'adverse' treatment, and '. . . [he must sustain] a *minimal* burden of showing facts suggesting an inference of discriminatory motivation.'" *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original, footnote omitted)). "'[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation' at the pleading stage." *Id.* at 45-46 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015)). Thus, "a plaintiff may not need to prove that [his] protected status was a but-for cause of the adverse action [he] suffered, but only a motivating factor." *Id.* at 46 (citing, *inter alia*, *Vega*, 801 F.3d at 86); *see,*

---

[1] "To demonstrate a disability under the FHA, a plaintiff must show: (1) 'a physical or mental impairment which substantially limits one or more . . . major life activities'; (2) 'a record of having such an impairment'; or (3) that he or she is 'regarded as having such an impairment.'" *See Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 40 (2d Cir. 2015) (quoting 42 U.S.C. § 3602(h)).

4

*e.g.*, *Sykes v. NYC Hous. Auth.*, No. 1:22-CV-2127 (MKV), 2022 WL 875902, at *2 (S.D.N.Y. Mar. 24, 2022).

Plaintiff seems to allege that he is physically disabled, but he does not allege what that disability is. In addition, to the extent that he alleges that his landlord, Hope Community Inc., discriminated against him because of his disability with regard to its failure to transfer him to a lower-level apartment, its failure to protect him from being assaulted, or as to its refusal to perform repairs, Plaintiff alleges no facts showing how his disability was at least a motivating factor as to that discrimination. Thus, Plaintiff has failed to state a claim of intentional discrimination under the FHA. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his claims under the FHA in an amended complaint.

**B.     Claims under the Rehabilitation Act**

Plaintiff may also be asserting claims under the Rehabilitation Act. Under this statute:

> [n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).[2]

To state a claim under the Rehabilitation Act, the plaintiff must allege that (1) the plaintiff is a qualified individual with a disability; (2) the defendant is subject to the Rehabilitation Act; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by

---

[2] For the purposes of the Rehabilitation Act, the term "individual with a disability" incorporates by reference the definition of "disability" in the ADA. 29 U.S.C. § 705(20)(B). Under the ADA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C).

reason of the plaintiff's disability.[3] *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (quoting *Henrietta D v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)). To show that the defendant is subject to the Rehabilitation Act, "a plaintiff must show that the defendant[ ] [is either a federal executive agency, the United States Postal Service, or] receive[s] federal funding." *Henrietta D.*, 331 F.3d at 272; *see* § 794(a).

Plaintiff alleges no facts showing that his landlord, Hope Community Inc., a private corporation, receives federal funding. His allegations are also insufficient to show that: (1) he is disabled for the purposes of the Rehabilitation Act (he does not allege what his disability is); and (2) his landlord, Hope Community Inc., has denied him the opportunity to participate in or benefit from its services, programs, or activities, or has otherwise discriminated against him, by reason of his disability. Thus, Plaintiff has failed to state a claim under the Rehabilitation Act. The Court, however, grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to state a claim against his landlord, Hope Community Inc., under that statute.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

---

[3] Following the ruling of the Supreme Court of the United States in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-77 (2009), in which it held that "age discrimination must be the 'but-for' cause of an adverse employment action for . . . liability to attach" under the Age Discrimination in Employment Act of 1967 (ADEA), the United States Court of Appeals for the Second Circuit has not decided whether "but-for" causation or "mixed motive" causation is required to state a non-employment discrimination claim under the Rehabilitation Act. *Bolmer v. Oliveira*, 594 F.3d 134, 148-49 (2d Cir. 2010) (discussion in the context of Title II of the ADA of 1990); *see Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) (standards under Title II of the ADA and the Rehabilitation Act "are generally the same"). *But cf. Natofsky v. City of New York*, 921 F.3d 337 (2d Cir. 2019) (holding that "but-for" causation applies to employment discrimination claims brought under the Rehabilitation Act).

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the FHA and/or the Rehabilitation Act, the Court grants Plaintiff 60 days' leave to amend his complaint to detail those claims.

The Court grants Plaintiff leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-11189 (LTS).

An amended complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply with this order within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's claims under the FHA and the Rehabilitation Act for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state and local law, including Plaintiff's claims under the NYSHRL and the NYCHRL, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 6, 2024
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

8